UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN F. THOMAS and BARBARA J. THOMAS,** | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **CIVIL ACTION NO. 3:15-CV-1937-B** |
| **STATE FARM LLOYDS and MAEGAN STRONGER,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs John F. Thomas' and Barbara J. Thomas' Motion to Remand (Doc. 7). For the reasons that follow, the Court **DENIES** the Motion.

**I.**

**BACKGROUND**

John F. Thomas and Barbara J. Thomas (collectively, "Plaintiffs") sued Defendants State Farm Lloyds ("SFL") and insurance adjuster Maegan Stonger ("Stonger")[1] (collectively, "Defendants") for allegedly mishandling Plaintiffs' insurance claim under a Texas Dwelling Insurance Policy (the "Policy") issued by SFL. Doc. 1-3, Pet. ¶¶ 9–20. The claim arose out of an incident "from within Plaintiffs' plumbing system" that damaged Plaintiffs' property, including the foundation and interior and exterior structures. *Id.* ¶ 12. Plaintiffs sought coverage under the Policy, and SFL assigned Stonger to serve as the adjuster for their claim. *Id.* ¶¶ 14–15. Stonger, however, was

[1] Stonger has apparently been mis-identified as "Maegan Stronger" in the Original Petition. Doc. 10, Def.'s Resp. ¶ 1. The Court therefore will refer to her as "Stonger."

allegedly "improperly trained and failed to perform a thorough investigation of Plaintiffs' claims." *Id.* ¶ 15. As a result, Plaintiffs assert that they "were considerably underpaid on their claim and have suffered damages." *Id.* ¶ 16.

Plaintiffs filed their Original Petition on April 17, 2015, in the 134th Judicial District Court of Dallas County, Texas, asserting claims against SFL for fraud, conspiracy to commit fraud, breach of contract, violations of chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 42–62. Regarding Stonger, Plaintiffs allege violations of chapter 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. *Id.* ¶¶ 33–45. Defendants removed the case to this Court on June 4, 2015. Doc. 1, Notice of Removal. In the Notice of Removal, Defendants argue that the Court may exercise subject matter jurisdiction on the basis of diversity of citizenship, because Stonger has been fraudulently joined as a defendant. *Id.* ¶ 2. Plaintiffs have moved to remand the case, contending that Stonger is a proper, non-diverse defendant. Doc. 7, Mot. to Remand ¶ 9. SFL responded on July 23, 2015, and Plaintiffs replied on August 3, 2015. Doc. 10, Def.'s Resp.; Doc. 13, Pls.' Reply. The Motion is now ready for review.

## II.

## LEGAL STANDARD

### A. *Motions to Remand*

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any

doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. That statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is only proper in such cases, however, if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

That being said, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Here, SFL does not assert that Plaintiffs engaged in fraud. Thus, to establish improper joinder, SFL must demonstrate that there is no possibility of recovery by Plaintiffs against Stonger. *Id.* Under this prong, "the [C]ourt must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665,

669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462.

Courts determine whether there is a possibility of recovery in one of two ways. One way is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. The other way is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id.* The latter approach, however, is only appropriate where the summary judgment evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id.* Because that is not the case here, the Court proceeds with a Rule 12(b)(6)-type analysis of Plaintiffs' Original Petition.

In conducting this Rule 12(b)(6)-type analysis of a petition originally filed in Texas state court, this Court applies state court pleading standards. *Oldham v. Nationwide Ins. Co. of Am.*, No. 14-CV-0575, 2014 WL 3855238, at *4 (N.D. Tex. Aug. 5, 2014). Traditionally, Texas courts have applied a more liberal pleading standard than the federal one, upholding a petition as long as it provides "fair notice of the claim involved." Tex. R. Civ. P. 45(b). In March 2013, however, the Texas Supreme Court adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a. While not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on

the Rule 12(b)(6) case law in applying it. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). Accordingly, this Court will do the same.

B. *Rule 12(b)(6) Standard*

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Furthermore, the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Plaintiffs contend that the allegations against Stonger in their Original Petition are sufficient to withstand the Court's Rule 12(b)(6) analysis, thereby meriting remand. They argue that the Texas Supreme Court and the Fifth Circuit have both recognized that an insured individual or entity may state a claim against an adjuster under the Texas Insurance Code. Doc. 8, Pls.' Br. in Supp. ¶ 14. Furthermore, Plaintiffs assert that this Court has previously remanded cases where other plaintiffs made similar allegations against adjusters. Doc. 12, Pls.' Reply ¶¶ 16–17. SFL, on the other hand, contends that the Texas Insurance Code applies primarily to insurers, and that Plaintiffs have not stated any viable claims against Stonger. Doc. 11, Def.'s Br. in Supp. ¶¶ 12–26. It also argues that Plaintiffs' fraud allegations do not contain the specificity required by Federal Rule of Civil Procedure 9(b). *Id.* ¶¶ 27–31.

### A. *Texas Insurance Code Claims*

#### 1. <u>Texas Insurance Code § 541.060(a)(1)</u>

The first claim against Stonger is for a violation of § 541.060(a)(1) of the Texas Insurance Code, which prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code § 541.060(a)(1). To support this claim, Plaintiffs allege that Stonger failed to conduct a reasonable investigation, understated the amount of damage to Plaintiffs' property, used her own statements as a basis for denying or underpaying on Plaintiffs' claim, failed to provide an adequate explanation for the denial of Plaintiffs' claim, and represented that the damage was not covered when it was caused by a covered event. Doc. 1-3, Pet. ¶¶ 21, 36. This Court has previously found that such allegations do not fall within the scope of this section of the Texas

Insurance Code "because they do not relate to the 'coverage at issue.'" *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 15-CV-1087, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Contrary to Plaintiffs' insistence that Texas law does not support the outcome of these cases, the Court finds *Texas Mutual Insurance Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012), to be instructive. There, the Texas Supreme Court concluded that a dispute between the insured and the insurer as to whether a "claim was factually within the policy's terms" did not constitute a misrepresentation of the policy itself. 381 S.W.3d at 446. In other words, an insurer does not misrepresent a policy when it disagrees with the insured party as to whether the policy covers a claim. Although *Ruttiger* construed a different section of the Texas Insurance Code, the Court believes that its logic applies just as forcefully here. There is, therefore, no "reasonable basis for predicting that state law might impose liability" on Stonger under this section. *Campbell*, 509 F.3d at 669.

2. Texas Insurance Code § 541.060(a)(2)(A)

Plaintiffs' next claim arises under § 541.060(a)(2)(A) of the Texas Insurance Code. That section forbids "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). As Plaintiffs correctly note, this Court has concluded that an adjuster may be held liable for violations of this section. *See Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 15-CV-1183, 2015 WL 5836266, at *4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, No. 15-CV-0293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015) (Boyle, J.). That conclusion, however, does not relieve Plaintiffs of their responsibility to "plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. Both *Denley* and *Linron* turned on the meaning of the word "effectuate" in the Texas Insurance Code—the Court found that adjusters as well as insurers had a role to play in "bringing about a prompt, fair, and equitable settlement of a claim." *Denley*, 2015 WL 5836226, at *4. The Court thus concluded that this section applies to conduct that precedes the settlement of a claim; consistent with that understanding, the plaintiffs in both cases made specific factual allegations regarding the adjuster's supposed actions prior to the settlement. *See id.* (plaintiff alleged, *inter alia*, that adjuster did not "obtain a legal opinion on the legal obligation owed to" the plaintiff and unreasonably delayed her investigation of its claim); *Linron*, 2015 WL 3755071, at *5 (plaintiff alleged that adjuster "retain[ed] an engineer and contractor who were known for arriving at findings that favored insurance companies"). By contrast, the only specific factual allegation[2] that Plaintiffs have made with respect to Stonger's conduct is that she did not adequately explain the reasons for denying or underpaying Plaintiffs' claim. *See* Doc. 1-3, Pet. ¶ 15. Even if true, this action necessarily occurred *after* the settlement had already been decided, and therefore could not have adversely impacted its effectuation. Without further factual support, this claim also fails to support remand.

3. Texas Insurance Code §§ 541.060(a)(3) and 541.060(a)(4)

Plaintiffs also assert that Stonger is liable for violating sections 541.060(a)(3) and 541.060(a)(4) of the Texas Insurance Code. The first punishes the failure to promptly provide a

---

[2] The Court believes that Plaintiffs' other allegations are "nothing more than legal conclusions couched as factual allegations, which the [C]ourt need not consider" when deciding a motion to remand. *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 09-CV-0165, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009). Though the Court is mindful that "detailed factual allegations" are not required to survive a Rule 12(b)(6) inquiry, the allegations supporting this claim tend more toward "labels and conclusions." *Twombly*, 550 U.S. at 555.

reasonable explanation of the basis in a policy for the denial of a claim, Tex. Ins. Code § 541.060(a)(3), while the second prohibits failing to affirm or deny coverage of a claim within a reasonable time, or submit a reservation of rights to the policyholder, Tex. Ins. Code § 541.060(a)(4). This Court has found that an adjuster cannot be liable under either section because she has neither the responsibility nor the authority to comply with them. *Mainali*, 2015 WL 5098047, at *4; *accord Slabaugh v. Allstate Ins. Co.*, No. 15-CV-0115, 2015 WL 4046250, at *4–5, 10 (E.D. Tex. June 30, 2015). Furthermore, Plaintiffs' allegations are simply "formulaic recitation[s] of the elements," which "will not do." *Twombly*, 550 U.S. at 555. Regarding § 541.060(a)(3), Plaintiffs assert that Stonger "failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made," "did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy," and did not "provide any explanation for the failure to adequately settle Plaintiffs' claim." Doc. 1-3, Pet. ¶ 23. These are all just different ways of saying that Stonger "fail[ed] to promptly provide to [the] policyholder[s] a reasonable explanation of the basis in the policy . . . for the insurer's denial of a claim." Tex. Ins. Code § 541.060(a)(3). Likewise, Plaintiffs' allegation that they "did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants" merely rephrases § 541.060(a)(4). Doc. 1-3, Pet. ¶ 24. The Court concludes that such "[t]hreadbare recitals" are insufficient to justify remanding this case. *Iqbal*, 556 U.S. at 678.

4. Texas Insurance Code § 541.060(a)(7)

The final Texas Insurance Code claim against Stonger is that she "refused to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code § 541.060(a)(7); *see also* Doc. 1-3, Pet. ¶¶ 25, 40. Plaintiffs argue that Stonger violated this provision

by "perform[ing] an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the [p]roperty." Doc. 1-3, Pet. ¶ 25. Stonger also purportedly "did not properly inspect the [p]roperty and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to [SFL]." *Id.* ¶ 40. Like several of Plaintiffs' other claims, the Court is not persuaded that adjusters can be held liable under this section, as the violation is the failure to pay—which is not within the adjuster's authority—rather than the failure to conduct a reasonable investigation. *See Mainali*, 2015 WL 5098047, at *4 (quoting *Messersmith*, 10 F. Supp. 3d at 725). As well, Plaintiffs have again only recited the elements of the cause of action. Consequently, this claim also provides no "reasonable basis" to predict that Plaintiffs would recover from Stonger. *See Campbell*, 509 F.3d at 669.

*B. Fraud and Conspiracy to Commit Fraud Claims*

In addition to their Texas Insurance Code claims, Plaintiffs allege that Stonger committed fraud and that she conspired with SFL to commit fraud. Doc. 1-3, Pet. ¶¶ 42–45.

1. Fraud

Under Texas law, the elements of a fraud claim are (1) the defendant made a material representation that was false; (2) she knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) she intended to induce Plaintiffs to act upon the representation; and (4) Plaintiffs actually and justifiably relied upon the representation and thereby suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001). Additionally, Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This, in turn, demands that the plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when

and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). Plaintiffs have not met this threshold—they simply argue, in conclusory fashion, that Stonger misrepresented the amount of damage to Plaintiffs' property and that the damage was not covered by the policy when, according to Plaintiffs, it was. Doc. 1-3, Pet. ¶ 36. Plaintiffs point to no specific statements that Stonger made, nor do they identify when any such statements were made, or even why they were fraudulent (other than the bare assertion that Stonger's evaluations of the damage were wrong).

Moreover, Plaintiffs have entirely failed to show how they relied on any of Stonger's alleged misrepresentations. They state only that the mishandling of their claim "caused a delay in their ability to fully repair their [p]roperty," which has apparently caused unspecified additional damage. *Id.* ¶ 17. Absent from the Original Petition, however, is any explanation of how Plaintiffs would have acted differently if Stonger had not made the alleged misrepresentations. *See, e.g.*, *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998), *overruled on other grounds by Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000) (finding that an insurer's misrepresentation that the policy at issue covered a particular medical procedure was not actionable where there was no evidence that the insured would not have had the procedure absent the misrepresentation). Plaintiffs also assert that they have been "forced to retain the professional services of the attorney and law firm who are representing them." Doc. 1-3, Pet. ¶ 31. This action was taken, however, not in the belief that Stonger's representations were true (i.e., in reliance upon them), but rather in the belief that they were *false*. *See id.* ("As a result of Defendants [SFL]'s and [Stonger]'s *wrongful acts and omissions*, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them." (emphasis added)). For these reasons, Plaintiffs' fraud claims against Stonger are

insufficient to merit remand.

2. Conspiracy to Commit Fraud

Finally, Plaintiffs' conspiracy to commit fraud claim also falters. To prevail on a claim for conspiracy, Plaintiffs must show the following: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Conspiracy is a derivative claim, meaning that "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). The Court has already disposed of the underlying tort claim (fraud) against Stonger; Plaintiffs, however, also claim that SFL engaged in fraud, and that Stonger participated in the conspiracy. Doc. 1-3, Pet. ¶¶ 42–45. The Court need not decide whether Plaintiffs have stated a cause of action for fraud against SFL, though, because Plaintiffs have not sufficiently alleged the existence of a conspiracy. Plaintiffs' Original Petition establishes, at best, that SFL employed Stonger to adjust Plaintiffs' claim, and that Defendants' combined actions resulted in Plaintiffs' claim being underpaid or denied. The closest Plaintiffs come to alleging a meeting of the minds is stating that "[t]ogether, Defendants [SFL] and [Stonger] set about to deny and/or underpay on properly covered damages."[3] *Id.* ¶ 17. This sparse, conclusory statement is "inadequate to allege the meeting of the minds necessary to sustain a civil conspiracy claim." *Breitling v. LNV Corp.*, No. 15-CV-0703, 2015 WL 5896131, at *8 (N.D. Tex. Oct. 5, 2015). The Court therefore cannot reasonably predict Stonger's liability for this claim, either.

[3] Plaintiffs also recite the elements of conspiracy. Doc. 1-3, Pet. ¶ 45. For reasons already explained, the Court need not consider such statements in reaching its decision.

The upshot of all this is that SFL has met its heavy burden to show that Plaintiffs have improperly joined Stonger as a defendant in this case. All of the claims considered here fail either because they do not reach conduct by an adjuster[4] or because the allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The possibility that Plaintiffs will recover against Stonger is therefore "theoretical" only, meaning that remand would be inappropriate. *See Ross*, 344 F.3d at 462.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand.

**SO ORDERED.**

**SIGNED: November 4, 2015**.

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court acknowledges that the Texas Insurance Code's definition of a "person" includes an adjuster. Tex. Ins. Code § 541.002(2). It does not follow from this fact, however, that an adjuster is capable of violating *every* section of the Code. Notably, § 541.060 only uses the term "person" once, and it does not appear in any of the subsections that Stonger allegedly violated.

The Court also disagrees with Plaintiffs' assertion that, to deny their Motion, it must find that "the Texas Legislature gave insurance policyholders the express right to sue insurance adjusters under the Code but no way to actually do it." Doc. 12, Pls.' Reply ¶ 15 (footnote omitted). Rather, the Court need only conclude—and does only conclude—that Plaintiffs have not succeeded in stating claims under the Code in this particular instance.