**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN F. THOMAS AND BARBARA J. THOMAS,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:15-cv-01937** |
| **STATE FARM LLOYDS AND MAEGAN STRONGER,** | § § § | |
| **Defendants.** | § § § | |

**DEFENDANTS STATE FARM LLOYDS' AND MAEGAN STONGER'S
MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants State Farm Lloyds ("SFL") and Maegan Stonger (incorrectly named in the lawsuit as "Maegan Stronger") and file this their Motion for Summary Judgment, and would show as follows:

## I.   SUMMARY

1.      This is an insurance bad faith case arising from an insurance claim submitted to SFL by John F. Thomas and Barbara J. Thomas ("Plaintiffs") involving alleged foundation damage to the property located at 4213 Wycliff #A and/or 4213 Wycliff Ave., Suite A, Dallas, Texas 75219 (the "Subject Property") "from within Plaintiffs' plumbing system" on June 28, 2014 (the "Alleged Loss").[1] Although they could have, Plaintiffs did not purchase dwelling foundation coverage from State Farm and their alleged damage is, therefore, not covered under the applicable insurance policy.

2.      Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, as more fully discussed in Defendants' Brief in Support of this Motion, Defendants are entitled to a summary judgment with respect to all causes of action raised herein by Plaintiffs, including Plaintiffs' claims

---

[1]     *See* Plaintiffs' Original Petition, Dkt. #1, Ex. C, ¶ 12.

for breach of contract, violations of Chapter 541 of the Texas Insurance Code, violations of Chapter 542 of the Texas Insurance Code, breach of the duty of good faith and fair dealing, fraud, and conspiracy to commit fraud.

## A.   Breach of Contract

3.      To recover on their claim for breach of contract, it is Plaintiffs' burden to prove: (1) the existence of a valid contract; (2) Plaintiffs performed under the contract or tendered performance; (3) that State Farm breached the contract; and (4) Plaintiffs suffered damages as a result of that breach.[2]  State Farm seeks summary judgment with respect to elements (3) and (4) because there is no genuine issue of material fact with respect to these elements due to the fact that Plaintiffs did not purchase coverage for losses resulting from foundation damage or movement and, accordingly, the applicable policy of insurance does not cover Plaintiffs' loss.

## B.   Chapter 541 of the Texas Insurance Code (Statutory Bad Faith)

4.      To maintain their claims under Chapter 541 of the Texas Insurance Code, Plaintiffs must establish that: (1) Defendants committed one or more acts prohibited by Chapter 541; and (2) these acts resulted in actual damages to Plaintiff independent of the underlying breach of contract claim.[3]  Defendants seek summary judgment with respect to both elements of Plaintiffs' claims under Chapter 541.   The general rule in Texas is that an insured cannot prove a bad faith claim absent a breach of contract.[4]  Because the applicable policy does not cover Plaintiff's claim, there is no genuine issue of material fact with respect to either element of Plaintiffs' claims under Chapter 541.

---

[2]      *Cuidado Casero Home Health of El Paso, Inc. v. Ayda Home Health Care Servs., LLC*, 404 S.W.3d 737, 750 (Tex. App.—El Paso 2013, no pet.) (internal numbering added).

[3]      *Gill v. State Farm Lloyds*, No. 4:14-CV-781, 2016 WL 760903, *4 (E.D. Tex. February 26, 2016) (citations omitted).

[4]      *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).

## C.     Chapter 542 of the Texas Insurance Code (Prompt Payment of Claims)

5.     As to their claims under Chapter 542 of the Texas Insurance Code, Plaintiffs may only prevail if they establish three elements: (1) a claim under their insurance policy; (2) for which State Farm is liable; and (3) State Farm failed to follow one or more sections of Chapter 542 with respect to the claim.[5]  State Farm seeks summary judgment with respect to elements (2) and (3). Again, because Plaintiffs' claim is not covered under the applicable policy,   there is no genuine issue of material fact with respect to elements (2) and (3) of Plaintiff's claims under Chapter 542.

## D.     Duty of Good Faith and Fair Dealing

6.     "A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has *no reasonable basis* for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial."[6]  Thus, to prove her claim for breach of the common law duty of good faith and fair dealing, Plaintiff "must establish (1) the absence of a reasonable basis for denying or delaying payment of [her] claim and (2) that [State Farm] knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim.[7]  State Farm seeks summary judgment with respect to both elements of Plaintiff's claim for breach of the duty of good faith and fair dealing.  Because Plaintiffs' claim is not covered, State Farm had a reasonable basis for denying the claim as a matter of law.  Thus, Plaintiffs' claim for breach of the duty of good faith and fair dealing also fails.

## E.     Fraud

7.     To prove their fraud claim, Plaintiffs must establish: (1) that Defendants made a material representation; (2) the representation was false; (3) when the representation was made, Defendants knew it was false or made it recklessly without any knowledge of the truth and as a

---

[5]     *U.S. Fire. Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 220 (Tex. App.—San Antonio 2012, pet. denied).
[6]     *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (emphasis original).
[7]     *Id.*

positive assertion; (4) Defendants made the representation with the intent that Plaintiffs should act upon it; (5) Plaintiffs acted in reliance on the representation; and (6) Plaintiffs thereby suffered injury.[8] Defendants seek a summary judgment with respect to all of these elements. Due to the absence of coverage, and because Plaintiffs have failed to sufficiently plead or prove the foregoing elements of fraud, there is no genuine issue of material fact with respect to any element of Plaintiff's fraud claim.

### F.    Conspiracy to Commit Fraud

8.    To prevail on their conspiracy to commit fraud claim, Plaintiffs must prove the following elements: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."[9] Thus, Plaintiffs cannot prevail on their conspiracy to commit fraud claim unless they prove their underlying fraud claim. Defendants seek summary judgment with respect to each of these elements. Because State Farm properly declined coverage for Plaintiffs'' claim, and because Plaintiffs' fraud claim also fails, there is no genuine issue of material fact with respect to any element of Plaintiffs' claim for conspiracy to commit fraud.

## II.    <u>PRAYER</u>

9.    For the reasons stated, Defendants State Farm Lloyds and Maegan Stonger respectfully request that the Court grant summary judgment in their favor and dismiss with prejudice all claims asserted against them in this matter. Defendants also request such other and further relief to which they may be justly entitled, whether at law or in equity.

---

[8]    *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citing *Formosa Plastics Corp. v. Presidio Engrs. & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

[9]    *In re Enron Securities, Derivative & "ERISA" Litig.*, 490 F.Supp.2d 784, 795 (S.D. Tex. 2007) (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1990)). "Conspiracy is a derivative tort, because recovery is not based on the conspiracy, i.e., the agreement, but on the injury from the underlying tort, here allegedly fraud." *Id*. (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).

Respectfully Submitted,

*/s/ W. Neil Rambin*
W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@sedgwicklaw.com
L. KIMBERLY STEELE
State Bar No. 04127600
kimberly.steele@sedgwicklaw.com
SCOTT P. BRINKERHOFF
State Bar No. 24069419
scott.brinkerhoff@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200 (Telephone)
(469) 227-8004 (Facsimile)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On June 1, 2016,  I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ L. Kimberly Steele*
L. KIMBERLY STEELE